

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

April 19, 1990

Honorable Bob McFarland
Chairman
Criminal Justice Committee
Texas State Senate
P. O. Box 12068
Austin, Texas 78711

Opinion No. JM-1159

Re: Enforcement of prohibitions against absenteeism in public schools    (RQ-1906)

Dear Senator McFarland:

You ask three questions about the interpretation of Senate Bill 1668, passed by the 71st Legislature. Acts 1989, 71st Leg., ch. 658, at 2165. The caption of that bill describes it as "An Act relating to students at risk of dropping out of school and to the parental duty to require school attendance." Id.

Your first question reads as follows:

> [C]an a school district, through its Attendance Officer, file a complaint with the County Juvenile Probation Department or with the District Attorney, requesting that a child (who has been voluntarily absent from school for ten or more days or parts of days within a six-month period, or three or more days or parts of days within a four-week period, without the consent of the parents) be adjudicated as a 'child in need of supervision' under Section 51.03(b) of the Texas Family Code?

Your question traces the language of a portion of section 4.25(a) of the Education Code that was added by the adoption of Senate Bill 1668. Subsection (a) of section 4.25 of the Education Code reads in part as follows:

> In addition, if the child has been voluntarily absent from school for 10 or more days or parts of days within a six-month period or three or more days or parts of days within a four-week period without the consent of his parents, the attendance officer shall refer the child to the county juvenile probation

department for action as conduct indicating a
need for supervision under Section 51.03(b),
Family Code.

As you can see, the provision does not allow the attendance officer to "file a complaint" against the child, rather it requires him to refer the child to the county juvenile probation department.[1] The same period of absence from school without parental consent is identified in subsection (b)(2) of section 51.03 of the Family Code as "conduct indicating a need for supervision." Fam. Code § 51.03(b)(2).

You next ask whether a state district court has exclusive jurisdiction to adjudicate the complaint or referral described in your first question. Section 51.04 of the Family Code governs jurisdiction over cases involving delinquent conduct or conduct indicating need of supervision. Section 51.04(b) requires the juvenile board, in counties that have one, to designate a court in the county as the juvenile court, and section 51.04(c) requires a panel of judges in a county that has no juvenile board to designate one or more courts as juvenile courts. Section 23.001 of the Government Code provides that a district court, county court, or statutory county court exercising any of the constitutional jurisdiction of either a county court or a district court may be designated as a juvenile court. Thus, there is no state-wide rule covering jurisdiction in cases involving conduct indicating need of supervision.

Finally, you ask whether a justice of the peace court can exercise jurisdiction over the parent of a child exhibiting the absentee behavior described in your first question at the same time the child is subject to adjudication in the juvenile court. Section 4.25(a) of the Education Code provides for sanctions against the parent of an absentee student in addition to the referral of the child to the county juvenile probation department. The section first provides for the attendance officer to warn the parent or

---

1. Because your questions are phrased in a general manner, we do not qualify our general answers with regard to compulsory attendance exceptions, such as the age of the child, the child's enrollment in private school, or the child's handicapped status. See Educ. Code §§ 21.032, 21.033.

person standing in parental relation that attendance is required. The section further provides:

> If after this warning the parent or person standing in parental relation intentionally, knowingly, recklessly, or with criminal negligence fails to require the child to attend school as required by law, the parent or person standing in parental relation commits an offense. The attendance officer shall file a complaint against him in the county court, in the justice court of his resident precinct, or in the municipal court of the municipality in which he resides . . . .

Educ. Code § 4.25(a).

The sanctions found in this section against the parent of an habitual truant have been in Texas law since 1915, see Acts 1915, 34th Leg., ch. 49, at 92, while the referral of the child to the county juvenile probation department was added in 1989. Acts 1989, 71st Leg., ch. 658, § 1, at 2165. It is clear that the legislature intended both parent and child to be subject to sanctions. See Educ. Code § 4.25(a) (fines levied against parent); Fam. Code § 51.03 et. seq. (adjudication of conduct indicating need for supervision). The legislature, in section 4.25 of the Education Code, prefaced the requirement that the attendance officer refer the child to the county juvenile probation department with the term "in addition." We find nothing in section 4.25 of the Education Code that would disallow simultaneous prosecution of parent and child. Nor do we find any bar to simultaneous prosecution elsewhere in the law. See also Educ. Code § 21.039(a)(3) (describing the powers and duties of the attendance officer, including the power to enforce the provisions of the compulsory attendance law).

### S U M M A R Y

> The attendance officer of a school district may refer a child, who has been voluntarily absent from school for ten or more days or parts of days within a six-month period or three or more days or parts of days within a four-week period without the consent of his parents, to the county's juvenile probation department. The attendance officer shall file a complaint against the parent or person standing in parental relation to such a child in the county court, in the justice

court of his resident precinct, or in the municipal court.  Simultaneous prosecution of the parent in justice court and the child in juvenile court is not prohibited.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General